H. H. DOOLEY v. CATHERINE MONTGOMERY ET AL.
No. 2555.

1. **Community Property, Sale of.**—Land during the existence of the relation of husband and wife was deeded to the wife upon recited valuable consideration; the wife by a power of attorney authorized the husband to sell the land. In her lifetime the husband sold the land, giving his own warranty and signing his wife's name and his own as her attorney to the deed. *Held*, (1) in a suit by the heirs of the wife for the land that they could not recover; (2) the property being community the heirs were estopped by the act of the husband.

2. **Estoppel.**—In an action of trespass to try title under the plea *not guilty* the defendant may introduce evidence to title by estoppel.

APPEAL from Harris. Tried below before Hon. James Masterson.
The opinion states the case.

*W. N. Shaw* and *S. R. Perryman*, for appellant.— 1. Property purchased during marriage, whether by the husband or wife, is community. Rev. Stats., art. 2852; Cox v. Miller, 54 Texas, 16.

2. The husband alone during coverture has the right to dispose of the community property.

The sale of the property by Josiah T. Harrell to John H. Walton was a valid sale, and conveyed all the right, title, and interest that he and his wife had in the same as fully and effectually as it would had the deed been made by himself and in his own name and not under power of attorney from his wife.

The title to this property is established down to Amelia Harrell by a regular chain, and from John Walton, vendee of Josiah T. Harrell, attorney in fact for Amelia Harrell his wife, down to and including appellant, H. H. Dooley.

The conveyance from Josiah T. Harrell to John Walton was under a power of attorney made from Amelia Harrell to her husband Josiah T. Harrell, and Josiah Harrell warrants the title. The deed from Josiah T. Harrell to John Walton is the only link in appellant's chain of title contested by appellees. Heard v. Hall, 16 Pick., 457; Poor v. Robinson, 10 Mass., 131.

*F. G. Morris*, for appellees.— 1. The deed to John H. Walton signed Amelia Harrell by Josiah T. Harrell, when construed all together, purports to be the act of Amelia Harrell by Josiah T. Harrell as her attorney in fact, and does not purport and was not intended to be the act or deed of Josiah T. Harrell. Story on Agency, sec. 288.

2. The action by Josiah T. Harrell in making the deed in the name of his wife to sell her property in her name was a statement by him which was accepted by Walton and all persons claiming under said deed as true that the property in controversy was the separate property of Amelia

Harrell, and together with the deed from Amelia Batterson to Amelia Harrell vesting the legal title in Amelia Harrell proved the fact that it was her separate property and overcome the presumption of its being community property arising from the conveyance of the property to the wife during marriage. Baldridge v. Scott, 48 Texas, 188, 189; Higgins v. Johnson, 20 Texas, 393; Story v. Marshall, 24 Texas, 307; Greenl. on Ev., vol. 1, secs. 189, 190.

3. The property in controversy appearing from the considerations above stated to have been the separate property of Amelia Harrell, the deed in question was insufficient to divest her title. Cannon v. Boutwell, 53 Texas, 627.

4. If the property in controversy was community property the deed of the wife in person or by attorney in fact would not pass the title of the community property during the continuation of the marriage, and such a deed would have no additional force merely from the fact that the attorney in fact was the husband of the wife in whose name the deed was made. It would still be only the deed of the wife, if a valid deed at all. Nothing but the deed of the husband, a deed appearing on its face to be his deed and having operative words of conveyance of his title, would be effectual to convey community property during marriage. For it is only the duty of courts to enforce such contracts as the parties make if they are susceptible of enforcement, and not to make a deed that could be effectual in lieu of one which was made but could not be enforced.

Where an agent makes a contract in the name of a principal which he had no authority to bind, and the error is not merely a mistake of law arising on facts known to all the parties (as was known in this), an agent may be held liable in some way for his misrepresentation of facts, yet even in such cases the contract made in the name of the principal will not be held to be the contract of the agent, for this would be merely making a contract between parties who had not contracted with each other. But where the error arises out of a mutual mistake of law on facts known to all, as in this case (a mistake as to the ability of the husband to convey the separate property of the wife), the agent does not incur any liability. Story on Agency, 9 ed., sec. 264a, pp. 313, 314, and note 1, p. 314; Delvin on Deeds, secs. 1275, 1278, 1280.

5. If the deed is the deed of Amelia Harrell and attempts to convey only her title, then the warranty is hers, and is a warranty of the title sought to be conveyed—the wife's title—and being void as a conveyance, the warranty is void.

6. A covenant to run with the land and operate on the title of the warrantor can not be created by a deed which is insufficient in form to pass whatever title the warrantor had in the property described. Delvin on Deeds, sec. 1275.

7.   An estoppel *in pais* can not be relied upon unless pleaded and proved.

8.   There being no proof that the property in controversy was not the separate property of Amelia Harrell, but the presumption of its being community property arising from the fact of it being conveyed to her during marriage having been overcome by the statement of Josiah T. Harrell, which has been adopted as true by all persons claiming under said deed, it does not appear that there was any error even in law on the part of Harrell in thus representing the property in controversy to be the separate property of his wife, and hence there is nothing in fact upon which to raise an estoppel.

HENRY, ASSOCIATE JUSTICE.—This is an action of trespass to try title. The defendant pleaded not guilty. The case was tried by the court without a jury and judgment was rendered in favor of plaintiffs for the land. The defendant appealed.

The record shows a regular chain of title down to Amelia Harrell, she being at the time of the conveyance to her the wife of Josiah T. Harrell. The deed to her was made in 1845, and recited receipt of consideration of $500.

There was no recital in the deed or fact in evidence giving to the deed to the wife other than its operation of conveying the title to the community.

The wife made to her husband a power of attorney in terms authorizing him to sell the land.

Afterwards, and during the life of the wife, the husband, in pursuance of the terms of this power of attorney, deeded the land to John H. Walton.   This deed contains the following clause:   " I the said attorney declare that I am duly authorized to sell and convey said property, and that I will warrant and defend the same against any and all claims whatever."

The record shows a regular chain of title from Walton to appellant.

Amelia Harrell died intestate, and appellees are her only heirs.

Appellant assigns as error that "the court erred in giving judgment for plaintiff, because the proof shows that the property in question was the community property of J. T. and Amelia Harrell, and the deed executed by him and signed by him as attorney in fact for said Amelia Harrell is in law a legal and valid conveyance of said community property." We agree in every particular with this assignment.

The wife's power of attorney gave the husband no power to sell the land, but because it was community property he had full power under the law to sell it.   Rev. Stats., art. 2852.

The conveying clause of the deed to Walton sufficiently shows that the land was conveyed as the property of the wife and the husband's name is signed to the deed only as the agent of his wife.

In the case of Heard v. Hall, 16 Pickering, 460, it is said to be "the well established rule of equity that where one having title acquiesces in the disposition of his property for a valuable consideration by a person pretending to title and having color of title, he shall be bound by such disposition and shall not afterwards be allowed to set up his own title against the purchaser.

"And so it has been held that if one having title stands by while another purchases from a third person claiming title and does not forbid the purchase or disclose his own title he shall be bound *a fortiori* if he encourages the purchase; or, as in the present case, a person sells his own property as the property of another to a bona fide purchaser for a valuable consideration. In this case the petitioner expressly covenants that he is lawfully authorized and empowered to make sale of the granted premises. Most certainly he was not so authorized; and this covenant operates to avoid circuity of action by way of rebutter, and estops the petitioner from setting up his title."

We think the deed of the husband conveyed to Walton the common title of the husband and wife and left no estate for the heirs of the husband or wife to take at their deaths.

It was objected in the court below and is insisted here that the defense by estoppel must be specially pleaded. We think that in action of trespass to try title the proof is admissible under the plea of not guilty. Rev. Stats., art. 4793; Mayer v. Ramsey, 46 Texas, 371.

The judgment of the District Court will be reversed and such judgment here rendered as ought to have been rendered by the court below; which will be that the appellees take nothing by their suit, and that appellant recover of them all costs of the court below and of this court. And it is accordingly so ordered.

*Reversed and rendered.*

Opinion January 15, 1889.