## H. Roos v. T. J. Basham et al.

### Decided February 6, 1906.

**Conveyance of Community Land by Wife Alone.**

　　The wife, with the authority and assent of the husband, can make a valid conveyance of community real estate, without the husband joining in the conveyance, the title to the land standing in the wife's name.

Appeal from the District Court of Harris County. Tried below before Hon. Chas. E. Ashe.

*Spotts & Matthews,* for appellant.—The deed from Mrs. E. Kearney, a married woman, to A. T. Stewart, did not of itself pass title to the land in controversy, and neither the record thereof nor knowledge by defendants that such deed had, in fact, been made, put them upon inquiry as to whether B. P. Kearney had authorized her to make the deed. Thomas v. Chance, 11 Texas, 634; Daniel v. Mason, 90 Texas, 240; Berry v. Wright, 14 Texas, 270; White v. McGregor, 92 Texas, 559; Laughlin v. Tips, 28 S. W. Rep., 551; Terry v. Cutler, 39 S. W. Rep., 156; Stiles v. Japhet, 84 Texas, 91.

*Fisher, Sears & Sherwood* and *Stanley Thompson,* for appellees.— That the wife's conveyance is good when husband authorizes it actually or by implication: Thomas y. Chance, 11 Texas, 634; Fox v. Brady, 20 S. W. Rep., 1024; Wetzel v. Simon, 87 Texas, 413; Speer Law Married Women, sec. 116, p. 114.

That wife may act as husband's agent: 1 Am. and Eng. Ency. of Law, 946.

That the deed being authorized is notice: Zimpleman v. Robb, 53 Texas, 274.

GILL, Chief Justice.—This suit, in the form of an action of trespass to try title, was brought by T. J. Basham and his co-plaintiffs to recover of H. and E. Roos a tract of land 150 feet east and west by 250 feet north and south out of the Steven Jackson league in Hardin County, Texas. The suit was tried on change of venue in the District Court of Harris County and resulted in a judgment for plaintiffs.

The defendants answered by plea of not guilty and prayer for affirmative relief against plaintiffs and B. P. Kearney who intervened claiming a part of the land. H. Roos has appealed.

J. H. Thompson was the agreed common source. B. P. Kearney and E. Kearney were husband and wife on December 21, 1895, on which date Thompson conveyed to Mrs. E. Kearney the land in controversy under circumstances which rendered it the community property of Kearney and wife. This deed was placed of record, and the title thus stood in her name. B. P. and E. Kearney are still husband and wife. On July 20, 1897, Mrs. Kearney, without being formally joined by her husband and without his name appearing in the deed, conveyed the land to one A. T. Stewart in exchange for lands in Lampasas, Texas. The Lampasas lands were duly conveyed to Mrs. Kearney by Stewart, the deed promptly placed of record, and the lands have never been tendered or reconveyed to Stewart. Appellee Basham connected himself with Stewart's title by mesne conveyance. On June 19, 1903, he conveyed a two-thirds undivided interest to his co-plaintiffs. The deed from Stewart through which Basham claims was to Cullen and was dated September 29, 1897.

The defendants showed a complete chain of title from Stewart to themselves, the first link in their chain being a deed from Stewart to Scarborough dated April 3, 1900. Cullen's deed was of record when Scarborough bought. The defendants also introduced in evidence a deed from B. P. Kearney and wife to the Peden Iron & Steel Company of date June 22, 1903, recorded June 29, 1903, by which was conveyed a lot of 95 by 100 feet out of the land in controversy, the recited consideration being $1,500. There was no evidence tending to show that the Penden Iron & Steel Company did not know of the deed from Mrs. Kearney to Stewart or of the facts relied upon to show authority from her husband to execute it. Nor was it shown, other than by the recitals in the deed, that the company paid value.

On July 7, 1903, the Iron & Steel Company conveyed to H. Roos the 95 by 100 foot tract for a recited consideration of $1,700. This deed was recorded September 24, 1903.

On October 22, 1903, H. and E. Roos recovered judgment against B. P. Kearney and wife in the District Court of Hardin County for 122 by 150 feet of the land which included the 95 by 100 foot tract, and Kearney and wife had judgment for the balance. The judgment was by agreement. In March, 1904, E. Roos conveyed to H. Roos his interest in the land so recovered. All of these deeds contained warranties and were duly and promptly recorded.

It thus appears that as to all the land, except the 95 by 100 foot tract, appellant claims through Mrs. Kearney's deed to Stewart, and as to that tract he claims through a later deed from Kearney and wife.

The plaintiffs' right to recover the 95 by 100 foot tract depends on whether the deed to A. T. Stewart executed by Mrs. Kearney alone was made under circumstances which passed the title. The facts upon this phase of the case are as follows:

On July 20, 1897, B. P. Kearney and wife were living together in Sour Lake, Texas. They owned this and other property in Sour Lake. The property in suit stood in her name. There is evidence tending to

show that they desired to exchange a part of it for property in Lampasas, Texas, so that they might have interests at both places. Mrs. Kearney, with the knowledge and assent of her husband, made the trade with Stewart and exchanged deeds. N. G. Jordan, a notary public, wrote the two deeds at the request of the parties and took the acknowledgments. He testified that in preparing the deed from Mrs. Kearney he copied the deed from Thompson to her and in that way B. P. Kearney's name did not appear in the body of the instrument. That it was his first official act and he supposed the deed would be good if B. P. Kearney's name was signed and he joined in its execution. That he took Mrs. Kearney's acknowledgment to the deed at the request of Kearney. The latter was not in the house when the acknowledgment was taken but was aware of the transaction and that his wife was going to sign the deed. Witness asked Kearney if he was going to sign the deed and he said "No. It was not necessary as his name was not known in the deed." Kearney also told witness he was trading some of his Sour Lake holdings for lands in Lampasas. Witness heard him say that he was going to make the trade. According to this witness the Stewarts left Sour Lake about ten days afterwards. Kearney and wife deny the knowledge and assent of Kearney and also state that Stewart left the same day. Stewart did not testify in the case. Kearney continued to pay taxes on the Sour Lake lands and did not pay taxes on the Lampasas property. Mrs. Kearney still has possession of the deed from the Stewarts. It thus appears that there was a sharp conflict upon the issue. In our opinion the finding of the trial court to the effect that Kearney authorized his wife to make the deed is supported by the evidence. The assignment assailing that finding is therefore overruled.

If then the wife, with the authority and assent of her husband, can make a valid conveyance of the community real estate we need inquire no further, for the judgment must be affirmed. The exact point has been decided in this State. In Thomas v. Chance, 11 Texas, 634, it is held that the deed of a married woman with the authority and assent of her husband conveys the title. And in Zimpleman v. Robb, 53 Texas, 275, the court not only upheld a deed of the wife, the husband having deserted her, but further held that the record of such a deed was notice to a subsequent purchaser from the husband. On the main point is Berry v. Wright, 14 Texas, 274. The doctrine seems to be well settled and controls the disposition of this appeal.

By the sixth assignment of error plaintiff complains of the finding of the trial court to the effect that plaintiff took possession of the property about June 25, 1903, and prior to the purchase by defendants from the Iron & Steel Company. This finding does not appear to be sustained by the record as plaintiff himself testified he did not take possession until after the institution of this suit, and we so find. We do not regard the finding, however, as affecting the disposition of this appeal.

All the other fact findings of the trial court are supported by the record and we adopt them.

For the reasons given the judgment is affirmed.

*Affirmed.*