## HANKS v. LESLIE et al.

(Court of Civil Appeals of Texas. Ft. Worth. June 14, 1913. Rehearing Denied Oct. 18, 1913.)

1. HUSBAND AND WIFE (§§ 257, 267*) — COMMUNITY PROPERTY—CROPS ON WIFE'S SEPARATE ESTATE.

Crops grown upon the wife's separate estate are community property, which, under Rev. Civ. St. 1911, art. 4622, can be conveyed by the husband alone.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 896, 904–908, 910, 929–938; Dec. Dig. §§ 257, 267.*]

2. HUSBAND AND WIFE (§ 267*)—COMMUNITY PROPERTY — CONVEYANCES BY WIFE — CONSENT OF HUSBAND.

A deed executed by the wife alone conveying community property, if executed with the consent of the husband, gives good title.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 896, 929–938; Dec. Dig. § 267.*]

3. HUSBAND AND WIFE (§ 272*)—COMMUNITY PROPERTY—CONVEYANCES BY WIFE—ABANDONMENT BY HUSBAND.

Where the husband has abandoned the wife, leaving her no means of support, she may make a valid conveyance of community property without his consent for the purpose of supplying herself and family with necessaries.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 1003–1007; Dec. Dig. § 272.*]

4. HUSBAND AND WIFE (§ 267*)—COMMUNITY PROPERTY—CHATTEL MORTGAGE BY WIFE—RECORD—CONSTRUCTIVE NOTICE.

Where a wife, with the consent of her husband, executed a chattel mortgage upon crops grown on her separate estate, the record of such a mortgage was not constructive notice to a creditor of the husband of the execution thereof by the wife with the husband's consent and authority, since a purchaser cannot be required to search for conveyances made by an agent in his own name in the absence of record evidence of the appointment, and therefore the mortgage was not valid against the creditor, although it would be against the husband.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 1003–1007; Dec. Dig. § 267.*]

Appeal from District Court, Johnson County; O. L. Lockett, Judge.

Garnishment by A. R. Hanks upon a judgment against T. B. Gallegley, in which I.

Leslie was garnishee, and P. E. Pope intervened, claiming the property. Judgment for the intervener, and the plaintiff appeals. Reversed, and judgment rendered for the plaintiff.

J. M. Moore, of Cleburne, for appellant, W. H. Spinks, of Alvarado, for appellees.

DUNKLIN, J. I. Leslie rented a farm, the separate property of Mrs. Annie Gallegley, wife of T. B. Gallegley, for the year 1912. For the use of this farm the tenant agreed to pay one-third of the corn and one-fourth of the cotton raised by him during the year. This rental amounted to 3 bales of cotton and 25 bushels of corn. A. R. Hanks, who held a judgment against T. B. Gallegley, procured the issuance and service of a writ of garnishment upon Leslie to subject this cotton and corn to the payment of the judgment. The garnishee answered, alleging the rental contract above mentioned, and the fact that he held the amount of cotton and corn mentioned, which belonged to Mr. and Mrs. Gallegley, as rentals. He further alleged that P. E. Pope was claiming a mortgage lien upon the cotton and corn, and prayed that Pope be made a party to the suit that his rights might be determined. Pope then intervened, alleging a mortgage lien upon the crops superior to the lien created by the service of the garnishment. Upon the trial it was shown that Pope held a promissory note executed by Mrs. Annie E. Gallegley, together with a mortgage executed by her upon the rents on the farm for the year 1912, neither of which instruments were signed by her husband. These instruments were executed and delivered to Pope February 1, 1912, and the mortgage was filed for record as a chattel mortgage August 3, 1912. The writ of garnishment was issued August 26, 1912, and served upon the garnishee August 27, 1912. The only contested issue upon the trial of the case and upon appeal here is whether the garnishment lien or the intervener's mortgage lien should have priority over the other. The case was tried by the court without the assistance of a jury, and judgment was rendered in favor of the intervener upon the issue just stated, from which judgment the plaintiff, A. R. Hanks, has appealed.

The uncontroverted testimony established the fact that Mr. and Mrs. Gallegley were living together as husband and wife in the town of Alvarado at the time the mortgage was executed. They had a daughter who was then sick and in need of medical treatment, and the money borrowed from intervener was for the purpose of meeting the expenses of such treatment and for the support of the family. The execution of the note and mortgage by Mrs. Gallegley was by and with the consent of her husband.

[1] It is well settled by the authorities of

this state that crops grown upon land which is the separate property of the wife are community property. Conner v. Hawkins, 66 Tex. 639, 2 S. W. 520. Under article 4622, Revised Statutes 1911, the husband alone can dispose of community property. It was shown by the testimony of the husband that the only reason he did not execute the note and mortgage was that it was not deemed necessary so to do, in view of the fact that the farm was the separate property of his wife. •

The only evidence introduced by plaintiff was his judgment against T. B. Gallegley and the writ of garnishment with the officer's return showing its service, and no evidence was introduced by intervener to show that prior to the service of the writ plaintiff had actual knowledge of the mortgage and of the circumstances under which it was executed. Thus it will be seen that the question upon which our decision must turn is whether or not the record of the mortgage was constructive notice to plaintiff of its execution, and of the fact that Mr. Gallegley had authorized his wife to execute it.

[2, 3] It is well settled that a deed to land, the community property of the two spouses, executed by the wife alone, but with the •assent of the husband, will convey title. Thomas v. Chance, 11 Tex. 634; Neighbors v. Anderson, 94 Tex. 487, 61 S. W. 145, 62 S. W. 417. It is also a familiar rule that, when the husband has abandoned the wife, leaving her no means for her support, she, for the purpose of providing herself and family with necessaries, may make a valid conveyance of community property without his consent, and in Zimpleman v. Robb, 53 Tex. 274, it was held that a deed made by her under such circumstances and duly recorded has priority over a subsequent deed executed by the husband. Necessarily this decision implies that the purchaser from the husband was chargeable with notice that he had a wife; that he had abandoned her; and that in his absence her necessities might require a sale by her of community property without his consent. In Roos v. Basham, 41 Tex. Civ. App. 551, 91 S. W. 656, the Court of Civil Appeals for the First District held that a conveyance of land, title to which stood in the name of the wife, but which was in fact community property, executed by the wife alone, with the knowledge and consent of the husband, while they were living together as husband and wife, and duly recorded, was superior to a subsequent conveyance of the same property by the husband and wife. In that decision it is stated that there was an absence of proof that the subsequent purchaser at the time of his purchase was ignorant of the former deed and of the husband's knowledge and assent to its execution by the wife. In other words, the effect of the decision is that the record of the deed from the wife alone was constructive notice

of its execution and of authority from the husband to the wife to execute it. From our investigation it seems that no writ of error was prosecuted from that decision to our Supreme Court.

[4] In the case of New England Nat. Bank v. N. W. Nat. Bank, 171 Mo. 307, 71 S. W. 191, 60 L. R. A. 256, the Supreme Court of Missouri held that a chattel mortgage made by an agent in his own name, with no record evidence of his agency, or by the owner in a fictitious name, is not constructive notice to any subsequent purchaser from the owner. We are of the opinion that this decision is sound, and that the manifest reason and justice underlying it are applicable with equal force in this case. As between T. B. Gallegley and the intervener, no doubt the mortgage was valid, because in executing it Mrs. Gallegley was acting as the authorized agent of her husband. Plaintiff was chargeable with notice of the marriage relation existing between Mr. and Mrs. Gallegley, and of the fact that they were living together as husband and wife. Whetstone v. Coffey, 48 Tex. 269. But we can perceive no better reason for holding that notice of these facts would be notice that the husband had delegated to the wife authority to execute the mortgage than that he had delegated the same authority to some other person. It would be unreasonable to say that one desiring to purchase property would in the exercise of reasonable diligence be required to examine the records for conveyances by the owner through some agent in his name only in the absence of record evidence of the appointment of the agent. Such an investigation would be interminable. See Sweeney v. Taylor, 41 Tex. Civ. App. 365, 92 S. W. 442; Brothers v. Mundell, 60 Tex. 240; Overstreet v. Manning, 67 Tex. 657, 4 S. W. 248.

It will be noted that in the case of Roos v. Basham, supra, the title to the community property conveyed by the wife stood in her name. Thus the legal title was vested in her, although the power to convey it was by the statute vested exclusively in the husband. Stiles v. Japhet, 84 Tex. 91, 19 S. W. 450; Speer's Law of Married Women, § 116. Some of us are of opinion that this fact would materially distinguish that case from the case at bar, for the reason that the deed to the wife was a necessary link in the chain of title to the purchaser from the wife, and the fact thus appearing, that the husband had elected to constitute her trustee of the title, was sufficient to excite inquiry by a person of reasonable prudence, which, if pursued, would have led to a discovery of the conveyance by the wife, and of the fact that the same was with the consent of the husband. However, we all concur in the conclusion that the plaintiff in this case was not chargeable with constructive notice of the execution of the mortgage by Mrs. Gallegley, and of the fact that the same was with the

consent and authority of her husband. Hence we are of the opinion that the judgment should be reversed and here rendered in favor of appellant, establishing the priority of his lien over that of the mortgage lien of appellee Pope.

Reversed and rendered.