MOODY v. BONHAM et al. (No. 5508.)†

(Court of Civil Appeals of Texas. Austin.
June 16, 1915.)

1. APPEAL AND ERROR ☞745—ASSIGNMENTS OF ERROR—FILING IN COURT BELOW.

Where no assignments of error were filed in the trial court, an assignment of error in the brief as to the refusal of the court to postpone the trial until witnesses could inspect the premises sued for will not be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3039, 3042; Dec. Dig. ☞745.]

2. APPEAL AND ERROR ☞745—ASSIGNMENTS OF ERROR—FILING IN COURT BELOW.

Under rule 101 (159 S.. W. xi), providing that assignments of error to any ruling of the trial court subsequently to final judgment may be incorporated in the brief filed in the Court of Civil Appeals without being included in the transcript, assignments of error relating to findings of fact and conclusions of law, filed by the court subsequent to final judgment, need not be filed in the court below.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3039, 3042; Dec. Dig. ☞745.]

3. EXECUTORS AND ADMINISTRATORS ☞55 —SALES—PROPER SUBJECT—DONATION CERTIFICATES.

A donation certificate issued by the state to the heirs of one who fell at the Alamo in 1836, being a mere gratuity, did not belong to his estate and was not subject to sale by his administrator.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. § 306; Dec. Dig. ☞55.]

4. ESTOPPEL ☞83—REPRESENTATIONS AS TO TITLE—DONATION CERTIFICATES.

Since one who induces the purchase of land or other property as being that of a third party is estopped from asserting any title to such property, the heirs of an administrator who sold a donation certificate issued by the state to the heirs of his intestate, and which was not part of the estate, on representations in the petition for administration, the petition for sale, and in the report of sale that the certificate belonged to the estate, were estopped from claiming any interest therein.

[Ed. Note.—For other cases, see Estoppel, Cent. Dig. §§ 218, 227–229; Dec. Dig. ☞83.]

5. ESTOPPEL ☞98—REPRESENTATIONS OF TITLE—DONATION CERTIFICATE.

The heirs of an administrator, who sold a donation certificate issued to the heirs of his intestate on representations that it belonged to the estate, were estopped from claiming any interest therein, notwithstanding that the sale was made to the administrator's attorney; no fraud appearing on the part of the latter.

[Ed. Note.—For other cases, see Estoppel, Cent. Dig. § 290; Dec. Dig. ☞98.]

6. EQUITY ☞84—STALE DEMAND—LEGAL TITLE.

The doctrine of stale demand does not apply as against the legal owners of a donation certificate and the land located by virtue thereof.

[Ed. Note.—For other cases, see Equity, Dec. Dig. ☞84.]

Appeal from District Court, Freestone County; H. B. Daviss, Judge.

Action by M. L. Bonham and others against W. L. Moody. From a judgment for plaintiffs, defendant appeals. Reformed and affirmed.

Anderson & Moses, of Fairfield, for appellant. M. L. Bonham, of Anderson, S. C., W. W. Ballew, of Corsicana, T. H. Bonner, of Fairfield, and Boyd, Bell & Fryer, of Teague, for appellees.

Findings of Fact.

JENKINS, J. James B. Bonham was killed at the Alamo in 1836. Donation certificate No. 37, for 640 acres of land, was issued to his heirs October 15, 1859. He left surviv-

ing him five brothers and sisters, one of whom was M. M. Bonham. The following agreement was entered into, signed both by counsel for appellant and appellees:

"For the purpose of expediting the trial of this cause, and to save expenses and time in the introduction of titles of record, it is agreed by and between plaintiffs and defendant herein, acting by their attorneys of record: Defendant admits that plaintiffs have title to the 186½ acres involved in this suit, unless title to the donation certificate No. 37, to the extent of 186½ acres of land passed out of James B. Bonham's heirs to L. D. Bradley, by purchase or otherwise, or unless defendant can show that plaintiffs, or those under whom they claim, lost title to said certificate and land located by virtue of same, by the statute of limitation or otherwise. This agreement executed in duplicate."

The land in controversy, 186½ acres, was located by virtue of said certificate. The appellees claim said land as the heirs of James B. Bonham, deceased, and appellants claim the same by virtue of a sale thereof made by M. M. Bonham, as administrator of the estate of James B. Bonham, who was appointed as such administrator by the probate court of Freestone county October 31, 1859. He applied for and obtained an order to sell said certificate, and on September 24, 1860, sold the same at public outcry to L. D. Bradley, who was one of his attorneys in obtaining such administration.

Judgment went for the appellees.

### Opinion.

[1] Appellees object to a consideration of each and all of appellant's assignments of error, for the reason that he did not file any assignments of error in the court below. The case was tried by the court without a jury. This objection is sustained as to the first assignment of error, which relates to the refusal of the court to postpone the trial until witnesses could inspect the land for the purpose of ascertaining whether or not certain improvements which they knew had been made in that vicinity in 1860 or 1861 were situated upon the land in controversy.

[2] Appellees' contention as to the remaining assignments of error is overruled, for the reason that rule 101 for the government of district and county courts (159 S. W. xi) provides that:

"Assignments of error or cross-assignments relating to any ruling or action of the trial court or trial judge, which occurs subsequently to the rendition of a final judgment in the case, may be incorporated in the brief filed in the Court of Civil Appeals without being included in the transcript."

All of appellant's assignments of error, except the first, relate to the findings of fact and conclusions of law filed by the court subsequent to final judgment herein.

Had we considered appellant's first assignment of error, we would have held it without merit, for the reasons that it was not alleged in said motion that it was expected to prove by the witnesses that the improvements on said land were maintained thereon after 1861. The statutes of limitation were suspended in this state from 1860 to 1870. Peak v. Swindle, 68 Tex. 246, 4 S. W. 478; Grigsby v. Peak, 57 Tex. 142. Besides this, there was ample time after the conclusion of the trial for witnesses to have examined the land and for appellant to have filed their affidavit as to what they would have testified after inspection of the same. No such affidavit was filed, presumably for the reason that their testimony would not have been favorable to appellant.

[3] There are two controlling issues presented by this appeal. The first is as to whether the certificate issued to the heirs of Jas. B. Bonham was a gratuity; if so, it did not belong to his estate and was not subject to be sold by his administrator. There are cases which hold that certificates issued to those who fell at the Alamo and at Goliad were the property of the estates of such parties. State v. Zanco, 18 Tex. Civ. App. 127, 44 S. W. 528; Goldsmith v. Herndon, 33 Tex. 708; Allen v. Clark, 21 Tex. 404. In these cases the certificates were headrights and had been earned by the parties before their death; but donation certificates were mere gratuities on the part of the state, and when issued became the property of the heirs of such parties and did not belong to their estates. Todd v. Masterson, 61 Tex. 622–627; Ames v. Hubby, 49 Tex. 710; Summerlin v. Robb, 11 Tex. Civ. App. 53, 31 S. W. 712; Dick v. Malone, 24 Tex. Civ. App. 97, 58 S. W. 168; Eastland v. Lester, 15 Tex. 98. Such being the facts, the sale by the administrator of M. M. Bonham of all of his right, title, and interest in said certificate conveyed no title to the same, for the reason that his estate had no interest in such certificate.

[4] The remaining question is as to whether or not the heirs of M. M. Bonham, the administrator, are estopped by said sale from claiming an interest in such certificate and the land located by virtue thereof. Though the sale was made by M. M. Bonham as administrator of the estate of Jas. B. Bonham, we hold that it estops his heirs from claiming the same or any interest therein for the reason that in his petition for administration he alleged that the certificate was the property of the estate of James B. Bonham, deceased. He made the same representation in his petition for the sale of said certificate, and likewise in his report of said sale. One who induces the purchase of land or other property as being the property of a third party is estopped from asserting any claim to such property. Millican v. McNeill, 102 Tex. 192, 114 S. W. 106, 21 L. R. A. (N. S.) 60, 132 Am. St. Rep. 863, 20 Ann. Cas. 74; Poor v. Boyce, 12 Tex. 448; Cope v. Blount, 99 Tex. 431, 90 S. W. 869; Corzine v. Williams, 85 Tex. 503–506, 22 S. W. 399; Dooley v. Montgomery, 72 Tex. 429, 10 S. W. 451, 2 L. R. A. 715; Grande v. Chaves, 15

Tex. 551; Stafford v. Harris, 82 Tex. 178, 17 S. W. 532, 533. Spears v. Conley (Ky.) 87 S. W. 1073.

In Millican v. McNeill, supra, McNeill, the administrator, owned a life estate of one-sixth interest in the land which he sold as such administrator. The court said:

"The principle controlling this case is that which estops the maker of a deed purporting to convey an estate of a particular kind from afterwards asserting that such an estate did not pass. McNeill owned the life estate when he made the deed in question and had full power to convey it then. His deed undertakes to convey the lot itself and full title to it as the property of the estate, without mention or reservation of any claim of his own. Although he assumes to convey as administrator, he assumes as well that the title is in the estate, and he should not be heard afterwards to assert that any part of it was in himself."

In Cope v. Blount, supra, the land in controversy was sold by Jas. Knight and Lucinda Miller as legal representatives of P. Miller, deceased, and recited a decree of the probate court authorizing and empowering said parties to make such sale. Lucinda Miller was the wife of Phillip Miller, deceased, to whom the land was granted, and the same was community property. The court said:

"The fact that the deed made by the representatives of Phillip Miller was void as to his heirs does not prevent it from being admissible to prove the recitals contained therein against appellant, who claims under Lucinda Miller. * * * The appellant, claiming under Lucinda Miller, was estopped by the recitals in the deed, signed by her, to deny that Phillip Miller made the contract recited therein."

In Corzine v. Williams, supra, Sarah Corzine recited in her transfer of the certificate that she made the sale by virtue of the power vested in her by the county court of San Augustine county, and describing herself as administratrix of the estate of Shelby Corzine; she was the surviving wife of Shelby Corzine. The court held that she had no power, as the survivor of the community estate, under the facts of that case, to sell said certificate; and, as to authority under the orders of the probate court, the court said:

"The recitals in the deed as to her authority were found not to be true. Not only had the court made no order directing her as administratrix to make a conveyance, but she had at the time ceased to be administratrix of her husband's estate. As administratrix she could convey nothing. * * * It follows that, if it took effect at all, it must have been by way of estoppel."

The court further said:

"Sarah Corzine, the grantor, was therefore estopped by the deed to claim any interest in the certificate as against Vivian, the grantee, and those claiming under him, and her heirs are bound as privies by that estoppel."

In Dooley v. Montgomery, supra, it was held that one who conveys land, in which he owned a half interest, as the property of another, was thereby estopped from claiming any interest in the land.

[5] Appellants insist that the doctrine of estoppel should not apply as against the heirs of M. M. Bonham for the reason that he sold the certificate to L. D. Bradley, who was his attorney. The law will closely scrutinize transactions between client and attorney; but in this case there is nothing to indicate that Bonham was misled by any representations made by Bradley. It is said in appellant's brief that Bradley procured Bonham to obtain letters of administration, in order that he might purchase the certificate in question. It appears from the list of debts against the estate of James B. Bonham, filed by M. M. Bonham, that he was the principal creditor of said estate, and it is just as reasonable to presume that he desired letters of administration to collect the amount due him as that Bradley desired such administration in order that he might become the purchaser of the certificate. There is nothing in the record to show that M. M. Bonham took any steps in said administration after selling the certificate and receiving pay therefor, or that he ever paid any portion of the proceeds of such sale to any of the other heirs. Fraud is not presumed in the absence of proof; but, if in this case we could draw the inference of fraud on the part of Bradley, we might, with equal propriety, conclude that M. M. Bonham was a party to the fraud, and would therefore he estopped from setting up any claim as against Bradley.

[6] Appellant invokes the doctrine of stale demand. The heirs of James B. Bonham were the legal owners of said certificate and the land located by virtue thereof. The doctrine of stale demand does not apply as against a legal title. Satterwhite v. Rosser, 61 Tex. 172; Harvey v. Cummings, 68 Tex. 607, 5 S. W. 513; Land Co. v. Chisholm, 71 Tex. 523-529, 9 S. W. 479; Batcheller v. Besancon, 19 Tex. Civ. App. 137, 47 S. W. 296.

For the reasons stated, the judgment of the trial court is here reformed so that the appellees who are the heirs of James B. Bonham, and those claiming under them, except the heirs of M. M. Bonham, deceased, and those claiming under them, do have and recover of and from the appellant W. L. Moody a four-fifths undivided interest in the land sued for, and that the heirs of M. M. Bonham, and those claiming under them, take nothing by this suit. As thus reformed, the judgment of the trial court is affirmed.

Reformed and affirmed.