**MORGAN et al. v. MOYNAHAN.**
Civ. No. 5147.

United States District Court
S. D. Texas, Houston Division.
. Sept. 19, 1949.

Spiner & Pritchard (Chas. B. Spiner), of Houston, Texas, for plaintiffs.

Brian S. Odem, U. S. Atty., and William R. Eckhardt III, Asst. U. S. Atty., of Houston, Texas, for defendant.

KENNERLY, Chief Judge.

This suit is by the plaintiff, Mrs. Chloe Potter Morgan (joined pro forma by her husband, Claude F. Morgan), against a United States Deputy Collector of Internal Revenue, to restrain and enjoin the sale of the homestead of herself and husband, Claude F. Morgan, situated in the City of Houston, in this District and Division, for income taxes assessed against and owing by her husband to the United States of America for the years 1944, 1947, and 1948. On the date set for the hearing of plaintiffs' Petition for Preliminary Injunction, it was agreed that the case should be heard and this is a hearing, on the merits.

The facts are substantially as follows:

(a) It is undisputed that such taxes were duly assessed against and are owing by the husband, Claude F. Morgan, to the United States, and that all steps have been taken to fix and constitute same a lien against said Claude F. Morgan's interest in such property.

It also appears that the defendant, Maurice C. Moynahan, Deputy Collector, levied upon the property in question as the property of Claude F. Morgan, and proposes to offer same for sale.[1]

---

1. The notice of seizure and sale is as follows:

"Treasury Department, Internal Revenue Service Office of Deputy Collector First District of Texas, First Texas. Place Houston, Texas

"Date July 15, 1949

"Notice of Seizure and Sale

"Claude F. Morgan, 2003 Chilton Road, Houston, Texas.

"By virtue of a warrant for distraint placed in my hands for service by the Collector of Internal Revenue for the First District of Texas, I have this day levied on the following described real property owned by you:

"Lot 14, Block 50, River Oaks No. 3, Harris Co. Tex.

"Vol. 60, Page 156—Assessors Bk. Book. H. Edward

"Maddox, Jr. D—Rendered by. Deed, Dated July 8, 1947 from H. Edward Maddox, Jr., et al., Grantor to Claude F. & Chloe P. Morgan, Grantees filed on July 11, 1947 in Deed Records, Book 1626, Page 499. 19.25 1.10 M Consideration 18,500.00, Lien held Prudential Life Ins. for $10,000.00.

"You are hereby notified that I will offer same for sale at public auction to be held on Tuesday, August 9, 1949 at 10:00 o'clock A.M. at the front entrance of the United States Post Office Building, corner of Capitol and San Jacinto Streets, Houston, Texas.

"Maurice C. Moynahan
"Deputy Collector
"1500 Rusk, Houston, Tex."

(b) It is shown that Mr. and Mrs. Morgan were married December 26, 1945, and that the property in question was purchased by them on the 8th day of July, 1947. The Deed of Conveyance was to both of them. When purchased, the property became, has been since, and still is their homestead within the meaning of the Constitution and other Laws of Texas. It is and has been occupied since such purchase, and is now occupied, as a homestead by them and their minor daughter. They and their minor daughter constitute a family within the meaning of the Laws of Texas.

(c) Plaintiff Mrs. Morgan claims that such property was purchased with money belonging to her separate estate. It is unquestionably true that Morgan, her husband, received from her, a considerable period of time prior to such purchase, funds belonging to her separate estate which she intended should be used by him to pay for or make a payment on a home. These funds of plaintiff were mixed and mingled with his own funds, and it is not clear that they were on hand at the time of the purchase of this property. The evidence is far from satisfactory that any part of plaintiff's funds went into the purchase of such property. I find that they did not, but that the cash or down payment therefor was made out of community funds of Morgan and plaintiff, and the deferred payment of $10,000 was evidenced by the Note of Morgan and plaintiff. Some of the payments on such Note have, however, been made out of the separate property and estate of plaintiff.

■ 1: Citing Section 3653(a), Title 26 U.S.C.A.[2] Defendant says that this Court is without power to enjoin, and is prohibited from enjoining, the sale of such property. This Section applies to the enjoining of the sale of the taxpayer's property. This is not a suit by the taxpayer to enjoin the sale of his property, but a suit by plaintiff, Mrs. Morgan, to enjoin the sale of property which she claims to be a part of her separate property and estate and also which she claims to be her homestead.

■ 2: Under the foregoing facts, it is well settled in Texas that since the property in question was acquired by Mr. and Mrs. Morgan during marriage, it became and has remained their community property. Certainly it is presumed to be their community property. Article 4619, Vernon's Civil Statutes of Texas.[3] Stiles v. Japhet, 84 Tex. 91, 95, 19 S.W. 450, 451,[4]

---

2. Such Section is as follows: "(a) Tax. Except as provided in sections 272(a), 87(a) and 1012(a), no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court."

3. Article 4619, Vernon's Civil Statutes of Texas, is in part as follows: "All property acquired by either the husband or wife during marriage, except that which is the separate property of either, shall be deemed the common property of the husband and wife; and all the effects which the husband and wife possess at the time the marriage may be dissolved shall be regarded as common effects or gains, unless the contrary be satisfactorily proved. During coverture the common property of the husband and wife may be disposed of by the husband only; provided, however, if the husband shall have disappeared and his whereabouts shall have been and remain unknown to the wife continuously for more than twelve months, the wife shall after such twelve month period and until the husband returns to her and the affidavit hereinafter provided for is made and filed for record, have full control, management and disposition of the community property, and shall have the same powers with reference thereto as are conferred by law upon the husband, and her acts shall be as those of a feme sole."

The Court in Stiles v. Japhet, with respect to such matter, says: "We do not see that it would serve any useful purpose to review the authorities. The decisions of the supreme court are numerous upon the point, and we will cite some of them. Scott v. Maynard, Dall.Dig. 548; Parker v. Chance, 11 Tex. [513], 514; Cooke v. Bremond, 27 Tex. 457, [86 Am.Dec. 626]; Kirk v. Houston Direct Navigation Co., 49 Tex., 213; Wallace v. Campbell, 54 Tex. 87; Dooley v. Montgomery, 72 Tex. 429, 10 S.W. 451, [2 L.R.A. 715]. It has become, not only a rule of decision, but a settled rule of property, in this state, that all property acquired by the husband and wife during marriage, whether the

and cases cited and which follow. The burden is on plaintiff to show to the contrary. This burden she has failed to meet.

Plaintiff is, therefore, not entitled to restrain the sale of the property on the ground or theory that it is her separate property.

■■ 3: But since the property is her homestead, I think plaintiff is entitled to enjoin the sale, not only of her homestead right or interest, but she may enjoin any act or conduct that tends to disturb her right to the possession and the full and complete enjoyment thereof. In order to so protect her right, it appears to be necessary to enjoin the sale of the interest of her husband, Claude F. Morgan, and I think she may do so. Her homestead right or interest is indivisible and extends to all and every part of the property. She and her child or children are entitled to use it as a home either with or without the presence of the husband. Speer's Law of Marital Rights in Texas, Section 454.[5] Any disposition of the husband's interest which interferes with her possession and use, reduces or affects its value, or clouds her title may be enjoined. Paddock, Trustee v.

Siemoneit, Tex.Sup., 218 S.W.2d 428; Jones v. Kemp, 10 Cir., 144 F.2d 478; Shambaugh v. Scofield, 5 Cir., 132 F.2d 345; United States v. Dallas National Bank, 5 Cir., 152 F.2d 582; Dallas National Bank v. United States, 5 Cir., 167 F.2d 468.

■ This does not mean that the Government's lien against the interest of the husband is set aside or held for naught. It remains intact but may not under present conditions be enforced by the proposed sale to the hurt and injury of the wife.

The facts in Shambaugh v. Scofield, supra, the leading case in this Circuit, differ from the facts here. In that case, both Shambaugh and his wife owed the taxes and the Collector proposed to sell the entire interest of both husband and wife in the homestead. Here it is not claimed that the wife owes the taxes, and she is not mentioned in, nor is she a party to, any of the proceedings looking to the sale of the property. The proceedings are wholly against the husband.

Decree will enter, granting plaintiff the relief prayed for.

---

deed be in the name of the one or the other, upon a consideration deemed valuable in law, is presumed to be community property." etc.

Such Section 454 is in part as follows: "The statute defines the homestead in words almost identical with the section of the Constitution above quoted and in suitable language exempts the same from every species of forced sale save for the purchase money, for taxes due thereon, and for work and material used in constructing improvements thereon.

"Back of these provisions one cannot fail to discern the object of the framers of our Constitution and statutes. Very far have they gone in their efforts to vouchsafe to the wife a shelter for herself and children against the improvidence of the husband and the greed of creditors. Observing only the rights of those who in a measure supply that shelter, and the demands of the Sovereign, the wife is given the power to continue under its protection at any hazard. It is not for the husband, nor yet for their children, that the law has thus interposed; but, possibly in a measure to

ameliorate the burdens imposed upon her by our marital laws, it has graciously permitted her the privilege of saying whether or no she will part with it. As was said by Justice Moore in Iken v. Olenick, 42 Tex. 195; 'The leading and fundamental idea connected with a homestead is unquestionably associated with that of a place of residence for the family, where the independence and security of a home may be enjoyed, without danger of its loss, or harassment and disturbance by reason of the improvidence or misfortune of the head or any other member of the family. It is a secure asylum of which the family cannot be deprived by creditors. Within its sanctuary, however urgent may be their demands, they cannot intrude.' In matters of sale and contracts for improvements, the wife is the residuary of all power. Without her consent, her home can never be taken from her, except it be for unpaid purchase money or the taxes due thereon. This ample protection of the law extends to the business as well as the residence homestead of the family."