## UNITED STATES v. DALLAS NAT. BANK.
### Civil Action No. 1625.

District Court, N. D. Texas, Dallas Division.

June 28, 1946.

Robert B. Young, Jr., U. S. Atty., of Dallas, Tex., and William Fonville, Asst. U. S. Atty., of Fort Worth, Tex., for plaintiff.

Blakley & Armstrong, of Dallas, Tex., for defendant.

ATWELL, District Judge.

Judgment was originally rendered for the defendant. On December 19th, 1945, 5 Cir., 152 F.2d 582, 585, that judgment was reversed because the holding of the trial court was erroneous as to service and as to the liability of a fund arising from a spendthrift trust for a tax debt, since the

will creating the trust provided that, "Prior to such payment or delivery by the trustee to the beneficiary, no such rights, estates, corpus, or income, shall be subject to any legal seizure, levy, sale, or other administration or liquidation through or under any action, suit, writ, probate, bankruptcy or other proceeding, against any such beneficiary, or against the property of any such beneficiary. In no event shall the trustee pay or deliver any money or other property, or account, to anyone claiming through or under any such beneficiary, in violation of the terms of this codicil."

The upper court stated that, "Such provisions in a will are valid under the Texas law and are respected by the courts, [but] this would not prevail against the fastening of a lien by the Federal Government for unpaid taxes on any property owned by the delinquent taxpayer."

The opinion further provided that the beneficiary had no title to the corpus of the property other than the profits after they have accrued and had been passed to her account and made available to her by the trustee. It said: "In other words, after 'the net revenues,' amounting to approximately $54 per month, accrue, or are set apart and become payable to her, such net revenues then belong to her and are then subject to the lien of the Government for taxes, and are available as an appropriate res in a proceeding in rem by the Government to have a lien for delinquent taxes declared and enforced against such revenues."

It further provided that, "[the] lien will continue to be fastened on the monthly income from the trust as it becomes payable to the taxpayer."

And, "[That] without doubt, she has some sort of an equitable, even though untouchable, interest in the corpus of the trust estate."

The upper court considered the question of the statutory requirement for service through the collector in Baltimore, Maryland, on certain contingencies. It also said that the provision of the statute was neither jurisdictional nor mandatory, but only directory. After reasoning out its position

with reference to this statute, it then stated that, "Under the facts and circumstances of this case, we think that the tax was lawfully determined and imposed, and that the United States has a valid lien for the unpaid taxes for the years in question."

That paragraph and phrase in the opinion refers to the unpaid taxes claimed in the government's suit, and not to any taxes that would subsequently accrue. The amount that was involved in that suit was $54. That is the amount that was on hand when the suit was brought. That is the amount upon which the defendant now claims that the upper court declared that the government had a right to fix the lien.

The opinion provides that, "The judgment of the lower Court is reversed for further proceedings conformable to the views herein announced." A difference has arisen between the attorneys for the plaintiff and the attorneys for the defendant as to the meaning of the upper court. They do not agree upon the scope of the opinion. The defendant has presented a form of judgment which has been approved by the attorney for the plaintiff as to form, but reserves an exception and the plaintiff has prepared a form which has not been approved by the defendant.

After having heard argument of both parties, it must be conceded that there is ground for such difference of opinion, but it seems to me that the judgment as presented by the defendant preserves the rights of both parties, and if either wishes to appeal none of those rights will be lost.

In view of the quotations made above, this court is unable to differ with the contention of the defendant on the construction of the opinion. To allow this proceeding to be so broadened as to include property upon which there was no description, no settlement and no existence at the time the suit was originally tried, would not seem to be appropriate. Nor does it seem to be appropriate to disregard the language of the Circuit Court of Appeals with reference to the liability "of payments as they accrue, to a suit to fix the lien." To allow this suit to fix a lien upon property which does not exist as yet, and which

may never exist since the estate might be destroyed by fire, or otherwise, or, by a lack of earning, and in many other ways that one can think of, may not have been intended.

A declaratory judgment would hardly be effective, nor is it prayed. On the other hand, it does seem like a wearisome route to require a new suit every month if and when there is a fund that really becomes the property of the delinquent taxpayer.