## UNITED STATES v. DALLAS NAT. BANK et al.

### No. 11832.

Circuit Court of Appeals, Fifth Circuit.

Dec. 4, 1947.

James J. Shepard and Sewall Key, Sp. Assts. to Atty. Gen., and William P. Fonville, Asst. U. S. Atty., of Dallas, Tex., for appellant.

Dexter Hamilton and Hoyet A. Armstrong, both of Dallas, Tex., for appellees.

Before SIBLEY, HOLMES, and McCORD, Circuit Judges.

SIBLEY, Circuit Judge.

In a former appeal, United States v. Dallas National Bank, 5 Cir., 152 F.2d 583, an opinion was rendered and the cause remanded to the district court for further proceedings conformable to the views so announced. Counsel for the United States moved in the district court to enter a judgment subjecting to the tax lien all monthly payments then due the taxpayer from the trust involved and withheld since the institution of this suit, and also all payments that may subsequently become due and payable, till the demand of the United States shall be fully extinguished. Counsel for the taxpayer considered that our opinion applied only to the one payment of $54.45 due when the suit was filed. The last stated view was adopted by the district judge, D. C., 67 F.Supp. 573, and judgment was entered accordingly. This appeal followed.

The original suit prayed for a judgment establishing the tax liability; and for an injunction against paying over any income pending the suit; for the establishment of a tax lien against the taxpayer's share in the trust property, and that a foreclosure of it be adjudged and the taxpayer's interest in the trust be sold, "together with all accumulations of her distributive share of the income therefrom in the possession of the defendant successor trustee at the termination of this suit." In the former opinion we held the taxpayer had an interest in the trust property, but not an interest that could be sold; but that her share in the income after it accrued and was ready to be paid over to her was fully her property and could be subjected to the tax lien of the United States, and that the lien could be fastened on the future monthly income as it became payable to the taxpayer. Although no sale of anything is to be had, the lien can be enforced by requiring the trustee to pay over all the money now in his hands belonging to the taxpayer, both the $54.45 which he had when the suit was filed, and what has been added to it since to the date of judgment, conformably to the prayer of the petition. The judgment should be thus modified. The judgment rendered is set aside and the cause remanded with direction to make one in accordance with this opinion.

Reversed.