## DALLAS NAT. BANK v. UNITED STATES.
### No. 12237.

Circuit Court of Appeals, Fifth Circuit.
April 16, 1948.

Dexter Hamilton and Hoyet A. Armstrong, both of Dallas, Tex., for appellants.

Melva M. Graney and Sewall Key, Sp. Assts. to Atty Gen., Theron L. Caudle, Asst. Atty. Gen., and William P. Fonville, Asst. U. S. Atty., of Dallas, Tex., for appellee.

Before HUTCHESON, HOLMES, and WALLER, Circuit Judges.

## PER CURIAM.

When this case was last here,[1] we said: "In the former opinion[2] we held the taxpayer had an interest in the trust property, but not an interest that could be sold; but that her share in the income after it accrued and was ready to be paid over to her was fully her property and could be subjected to the tax lien of the United States, and that the lien could be fastened on the future monthly income as it became payable to the taxpayer."

The decree appealed from follows the mandate to make a new judgment "in accordance with this opinion." It is affirmed.

HOLMES, Circuit Judge (specially concurring).

In many states, including Texas, the validity of spendthrift trusts is upheld.[3] In other American jurisdictions, the rule is that such a trust, which restrains the alienability of property, is invalid as against public policy.[4] In our second opinion in this case, we are said to have held that the taxpayer had an interest in the trust property but not an interest that could be sold.[5] Since the appellee has not prayed for a sale of said interest, I think the statement or holding that the same could not be sold was unnecessary and should be withdrawn.

The taxpayer is the equitable owner for life of an undivided interest in Texas realty, which under local law is not subject to seizure or sale for ordinary debts incurred by the taxpayer; but this does not mean that testamentary restraints against alienation should prevail against the fastening of a lien for federal income taxes on the taxpayer's equitable interest in the trust estate. We are, in fact, holding the contrary in this case.

Homestead-exemption statutes of a state must give way to the fixation and enforcement of a federal lien for income taxes.[6] Testamentary restraints on alienation by the creation of what are known as spendthrift trusts, although respected by state laws, are likewise ineffective as to the lien for federal income taxes.[7]

The lien sought to be enforced in this case has attached to the taxpayer's equitable interest in the corpus of the trust estate, notwithstanding the testamentary provisions against its alienation, seizure, and sale. That is the effect of our decision.

[1] United States v. Dallas Nat. Bank, 5 Cir., 164 F.2d 489.

[2] United States v. Dallas Nat. Bank, 152 F.2d 582, 583.

[3] 42 Tex.Jur., Sec. 92, p. 705; 54 Am. Jur., p. 126, et seq.; 65 C.J., p. 238, et seq.

[4] 54 Am.Jur., p. 129, note 14; 65 C.J., p. 238, note 97.

[5] United States v. Dallas Nat. Bank, 5 Cir., 164 F.2d 489.

[6] Shambaugh v. Scofield, 5 Cir., 132 F.2d 345.

[7] Matter of Rosenberg, 269 N.Y. 247, 199 N.E. 206, 105 A.L.R. 1238; An article in Harvard Law Review, entitled "Reaching the Interest of the Beneficiary of a Spendthrift Trust," Vol. 43, pp. 63, 68. Cf. Glass City Bank v. United States, 326 U.S. 265, 66 S.Ct. 108.