UNITED STATES of America and William G. Watson, Special Agent, Internal Revenue Service, Petitioners,

v.

Paul B. BREMICKER, President of Commercial State Bank, and Commercial State Bank, Respondents.

No. 3–73–Civ–240.

United States District Court,
D. Minnesota,
Third Division.

Oct. 31, 1973.

Robert G. Renner, U. S. Atty., and John M. Lee, Asst. U. S. Atty., Minneapolis, Minn., for petitioners.

Albert D. Levin, Levin & Rohleder, Ltd., St. Paul, Minn., for respondents.

## MEMORANDUM AND ORDER GRANTING ENFORCEMENT OF INTERNAL REVENUE SUMMONS

DEVITT, Chief Judge.

This matter is before the Court on application of the United States for enforcement of a summons issued by William G. Watson, a special agent of the Internal Revenue Service requiring the Commercial State Bank to produce for his examination certain deposit, withdrawal and loan records on several of its depositors. Section 7602 of Title 26 U. S.C. authorizes agents of the Internal Revenue Service to examine documents which may be relevant and material to the tax liability of any individual, and to summon anyone having possession of such documents with the requirement that such person produce them for inspection. The petition for intervention of Daniel Pilla, one of the depositors whose tax liability is under investigation here, has been denied. See Donaldson v. United States, 400 U.S. 517, 91 S.Ct. 534, 27 L.Ed.2d 580 (1971).

The facts are simple and not disputed. On May 18, 1973 Special Agent Watson served on Commercial State Bank and its president, Paul B. Bremicker, a summons to produce

"copies of signature cards, monthly statements, cancelled checks, deposit tickets, deposited checks, loan records, financial statements, officers' comments or history sheets and other bank records including any and all correspondence to or from the bank for accounts in any of the following names during the period from January 1, 1968 through December 31, 1972: [a list of six names followed.]"

In an affidavit deposited with the Court, Special Agent Watson states that "the records, documents, papers and information demanded by the summons served upon the respondents are relevant and necessary for the determination of the tax liabilities of the aforesaid taxpayers for the years 1968 through 1972, inclusive." Under threat of a damage suit by Daniel M. Pilla should it furnish the records absent a court order, the bank has declined to produce the requested information.

Failure to respond to an Internal Revenue summons issued pursuant to § 7602 does not result in automatic penalties. It is necessary for the Secretary of the Treasury or his delegate (the agent herein) to make application to a United States District Court for an order directing compliance. 26 U.S.C. § 7604(a) & (b). If the summoned person persists in his disobedience, he may be found in contempt of court. 26 U.S.C. § 7604(b).

The bank does not contend that it is free from any obligation to produce. In reliance on the Fair Credit Reporting Act and its depositor's specific instructions, it simply insists that it is legally and morally restrained from furnishing the requested information until the court orders it to do so.

We find no difficulty in disposing of the bank's legal objections to production. The summons power given to the Secretary or his delegate by § 7602 is to be liberally construed in order to fulfill the purposes of the Internal Revenue Code. United States v. Third Northwestern National Bank, 102 F. Supp. 879, 881 (D.Minn.1952). The records requested are relevant and material to an investigation of the income

tax liability of the individuals and companies named in the summons. As such the requirements listed in United States v. Powell, 379 U.S. 48, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964), for a valid exercise of the summons power have been satisfied. A bank, as a third person with whom the taxpayer has done business, is properly subject to the summons power, United States v. Third Northwestern National Bank, supra, and despite the bank's claims to the contrary, no legally recognized privilege entitles it to withhold such records on behalf of its depositor. The Supreme Court has recently refused to recognize a confidential relationship between a client and an accountant such that the client could prevent the accountant from divulging information obtained by him from the client. Couch v. United States, 409 U.S. 322, 93 S.Ct. 611, 34 L.Ed.2d 548 (1973). Especially is this true when the records are the property not of the client but of the accountant. We think an analogy between accountant and bank is fairly drawn. See Harris v. United States, 413 F.2d 316 (9th Cir. 1969).

■ The bank contends, however, that the confidentiality of a bank account can only be destroyed in response to a court order; an Internal Revenue summons is insufficient. The cases fail to go this far. See United States v. The First National Bank of Wetumpka, 73–1 USTC ¶ 9197 (D.C.M.D.Ala.1972). Section 7602 confers the summons power on the Secretary or his agents. The obligation to respond lies with all citizens, unless a valid legal excuse exists. There has been no allegation that these records are not relevant and material to the current investigation nor does the summons appear overly broad. Consequently, it would appear that the bank has a duty to cooperate, even in the absence of a court order.

■ In addition to claiming a bank-depositor confidential relationship, the bank states that the Fair Credit Reporting Act prohibits it from responding to the summons. It is our opinion that the Fair Credit Reporting Act was not designed to apply to tax investigations conducted by the Internal Revenue Service pursuant to § 7601 et seq. Not only is there no clear indication that tax investigations were to be circumscribed by its provisions, but the whole thrust of the statute is toward investigations conducted for the purpose of determining consumer eligibility for credit, insurance or employment. See 15 U.S.C. § 1681 et seq.

Even if we assume for purposes of this case that the records requested here are covered by the Act, § 1681b(1) allows for their production "in response to an order of a court having jurisdiction to issue such an order." 15 U.S.C. § 1681b(1). Concededly, by virtue of §§ 7402(b) and 7604(a) the district court has jurisdiction to compel production pursuant to a summons. Again we note that the bank does not assert that it would not respond to a court order.

■ Finally the bank complains that the financial burden of compliance would be considerable, such that it would amount to a deprivation of property without due process of law. Under these circumstances the Constitution offers protection only from the imposition of an unreasonable and excessive financial burden. United States v. Dauphin Deposit Trust Co., 385 F.2d 129, 130 (3rd Cir. 1967). Since the material sought by the Internal Revenue Service is relevant to a legitimate investigation, the bank has the duty of full cooperation, including the diligent search for and production of all records requested. The expenses incurred in producing such records are reasonably incident to the bank's normal operations and should be anticipated as a cost of doing business as a bank. See United States v. The First National Bank of Wetumpka, supra.

Enforcement of the summons is granted.