316 So.2d 478 (1975)
Virgil T. JACKSON, Jr., Testamentary Executor of the Succession of Mrs. Edith Forbes
v.
Leo G. D'AUBIN et al.
No. 10271.
Court of Appeal of Louisiana, First Circuit.
June 30, 1975.
Rehearing Denied August 26, 1975.
*479 C. Alvin Tyler, Baton Rouge, for appellants.
Eugene R. Groves, Baton Rouge, for Jackson.
Lehman Preis and Ashton Stewart, Baton Rouge, for Virgil T. Jackson, Jr. and Emile A. Rainold, III.
Leonard P. Avery, Asst. U.S. Atty., New Orleans, for U.S. of America.
James McCay, Jr., Baton Rouge, for La. Natl. Bank of Baton Rouge.
Joseph F. Keogh and Edward Fetzer, Parish and Asst. Parish Attys., Baton Rouge, for City of Baton Rouge.
Before LOTTINGER, COVINGTON and BAILES, JJ.
COVINGTON, Judge.
This proceeding was initially brought by the testamentary executor of the Estate of Mrs. Edith Forbes Jackson to partition by licitation certain immovable property located in the city of Baton Rouge, East Baton Rouge Parish, State of Louisiana, specifically Lots 3 and 4 of Square 11 of the subdivision of said city known as Devall Town. The estate claimed to be the owner of an undivided one-half interest in the subject property and named the other claimants, including the appellant, Leo G. D'Aubin, as defendants in the partition *480 proceeding. After a hearing the district court, by judgment dated December 19, 1973, ordered the requested partition by licitation of the subject property and appointed a Notary Public to effect the partition. In his proces verbal dated February 18, 1974, the notary reported that the property was sold at public auction on February 6, 1974, to Firestone Tire & Rubber Company for the price of $157,000.00 cash. After deducting the expenses of the sale, the proceeds remaining for distribution, the sum of $150,704.40, was deposited in the registry of the court. The notary's report also showed that there were certain claims to the deposit proceeds which would require a determination by the court.
The pertinent facts are virtually undisputed. Virgil T. Jackson, Sr. died in Jefferson Parish, Louisiana, where he was domiciled, on November 10, 1959. His last will and testament, dated June 26, 1958, in which the testator confirmed the usufruct of the community property to his widow, Mrs. Edith Forbes Jackson, and bequeathed the naked ownership of said property to a trustee in a spendthrift trust for his four children as beneficiaries, was probated in the 24th Judicial District Court for the Parish of Jefferson on November 18, 1959. In the judgment of possession signed on March 10, 1960, the trust was not mentioned and the children of the deceased were recognized as owners in indivision of the testator's property, subject to the usufruct of their mother. After the death of the testator's widow, Mrs. Edith Forbes Jackson, on October 6, 1971, an amended judgment was obtained in the testator's succession proceeding on March 1, 1973, recognizing the spendthrift trust and placing dative co-trustees in possession of the trust property.
Meanwhile, the United States, in order to collect delinquent income taxes in the amount of $510.00 owed by William P. Jackson, II, one of the testator's children, who owned or was trust beneficiary of an undivided one-eighth interest in the subject property, seized the tax debtor's interest and sold the same to Leo G. D.'Aubin at a public sale on August 3, 1965. Then, on August 16, 1966, the United States executed a quit-claim deed in favor of D'Aubin.
We thus have two claimants to the oneeighth interest of William P. Jackson, II, namely, the trustees of the spendthrift trust and the purchaser at the tax sale. In its judgment below the trial court dismissed the claim of the tax purchaser, recognizing the claim of the trustees. It is from this judgment which the tax purchaser has devolutively appealed. All other claims to any portion of the deposited proceeds from the partition sale have been resolved and are not before this court.
In the instant case, the error in the judgment of possession in the succession of Virgil T. Jackson, Sr. was not brought to light until the death of his widow some eleven years later; the dative co-trustees were not appointed until March 1, 1973, approximately fourteen years after the death of the testator and thirteen years after the judgment of possession, and more than seven years after the tax sale to D'Aubin. We are inclined to view with disfavor this belated attempt of the dative co-trustees to re-probate the testator's testament when rights of third persons have intervened.
However, it is not necessary for us to base our decision on this point of view. It is also unnecessary for us to discuss the main arguments of counsel because those arguments deal only with tangential problems that hardly relate to the basic problem for solution here. The question we must decide is: as between the trustees of a spendthrift trust and the purchaser at a tax sale resulting from a non-payment of delinquent internal revenue taxes, who should prevail? We believe that the tax purchaser should prevail.
A spendthrift trust does not shield a beneficiary from a tax claim of the United States; a spendthrift trust is a sieve rather *481 than a shield against the assertion of a federal tax lien; see United States v. Dallas National Bank, 152 F.2d 582, 585 (5th Cir. 1945); Henry, Spendthrift Trust in Louisiana (Comment), 33 La.L.Rev. 391, 403 (1973).
In the Dallas National Bank case, holding that the United States could reach the interest of the beneficiary of a spendthrift trust to enforce an income tax liability arising out of a transaction unconnected with the trust, the Court said:
"Although the testatrix intended to create an estate which would not be subject to seizure, sale, or execution for debts of any kind or character by placing such restraint upon the corpus and income, and such provisions in a will are valid. . . this would not prevail against the fastening of a lien by the Federal Government for unpaid taxes on any property owned by the delinquent taxpayer.. . . Having been enacted within the scope of the power delegated to the Federal Government, the Internal Revenue statutes are a part of the supreme law of the land. If they are in conflict with State law, constitutional or statutory, the latter must yield.
"The provisions of the will of an individual which seeks to exempt from debts property bequeathed for the benefit of another cannot rise higher than a statutory or constitutional exemption provided by a State."
We quote with approval from the careful study of the spendthrift trust in Louisiana by Mr. Craig Henry, Comment, 33 La.L.Rev. at 403:
"The Restatement (of Trust) provides that `(a)lthough a trust is a spendthrift trust . . . the interest of the beneficiary can be reached in satisfaction of an enforceable claim against the beneficiary . . . by the United States or a State to satisfy a claim against the beneficiary.' (Restatement sec. 157d). Accordingly, seizure of interests in spendthrift trusts has been allowed for tax claims (citing authorities). . . . Although the Trust Code contains no provisions allowing the Federal Government to seize the interest of a beneficiary of a spendthrift trust in satisfaction of the obligation owed to it, the Internal Revenue Code provides that if any person neglects or refuses to pay any tax for which he is liable, the amount shall be a lien in favor of the United States on all property and rights to property, whether real or personal, belonging to such person. (Int.Rev.Code of 1954, sec. 6321). In light of federal cases in this area, it is submitted that the lien extends to the interest of the beneficiary of a Louisiana spendthrift trust, regardless of the absence of an applicable Louisiana statute. (citing authorities)."
We find that the spendthrift trust cannot successfully be used to circumvent a federal tax lien. It is of no consequence whether the trustees take immediate possession of the trust property, or delay for a number of years in taking possession of the trust property (as in the instant case). The tax lien follows the property no matter whatever transposition or transportation thereof is made. See 26 U.S.C.A. § 6321 et seq., LSA-R.S. 52:51 et seq.; see also Gill Trailer & Equipment Rentals, Inc. v. S. D'Antoni, Inc., La., 282 So.2d 714 (1973); Comment, Federal Income Gift and Estate Tax Liens, 27 Tul.L.Rev. 324 (1953).
The only property exempt from the Federal Tax Lien is specificially listed in the internal revenue statutes, and spendthrift trust property is not included as an exemption; see 26 U.S.C.A. § 6334. Although the Trust Code purports to limit seizures to certain special claims, LSA-R.S. 9:2004-2006, the Trust Code cannot prevail against the Internal Revenue Code, 26 U.S.C.A. § 6334. If a state statute conflicts *482 with an internal revenue statute, the state law must yield; see United States v. Dallas National Bank, supra; Restatement of Trusts 2d Sec. 157; 174 ALR 1373; 35 Am.Jur.2d Sec. 28, page 47.
As a part of their defense against the effectiveness of the federal tax lien, the trustees contend that because they are and were at the time of the seizure the "owners" of the trust property, they were entitled to receive notice of the seizure under the provisions of 26 U.S.C.A. § 6335. The trustees are mistaken in their interpretation of this notice provision. Notice is required to be given only to the taxpayer who is delinquent in the payment of his taxes.
It is stated in 35 Am.Jur.2d Sec. 31, page 52:
"Such notice requirements of the Code (the Internal Revenue Code) are intended to protect the delinquent taxpayer by affording him an opportunity to appear and bid on the property to be sold for unpaid taxes, a failure to comply with such requirements giving him a right to avoid the sale; there is nothing to suggest that such requirements are intended to protect the United States or third parties or that any sale conducted without full compliance therewith is absolutely void. Thus, a tax sale which was defective because of failure to give adequate notice thereof to the taxpayer, was held voidable by the taxpayer but not voidable by the government or adverse claimants to the property, or void as between the purchaser at the defective sale and the government or adverse claimants."
We are in accord with this statement of the law. We find that notice was given to the delinquent taxpayer in the instant case, and that the dative co-trustees of the spendthrift trust were not entitled to any notice.
Consequently, we hold that the trial court erred in its judgment preferring the claim of the trustees over that of the tax purchaser, and reverse the judgment appealed from at appellee's costs.
Reversed.