**Herbert C. GRAF, Plaintiff, Pro Se,**

v.

**Robert M. BARKER, President, American Bank of Oshkosh, et al., Defendants.**

**Civ. A. No. 74–C–250.**

United States District Court, E. D. Wisconsin.

March 23, 1976.

Herbert C. Graf, pro se.

Nicholas J. Meeuwsen, Oshkosh, Wis., for defendants.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

This is a civil rights action for damages arising out of the subpoena of certain bank records pertaining to the plaintiff. The plaintiff [1] alleges that defendants deprived him of his constitutional rights in violation of 42 U.S.C. § 1983, conspired to deprive him of his constitutional rights in violation of 42 U.S.C. § 1985(3), and neglected to prevent a conspiracy to deprive him of his constitutional rights in violation of 42 U.S.C. § 1986. The plaintiff grounds the subject matter jurisdiction of this court on 28 U.S.C. § 1343, the jurisdictional counterpart of the civil rights statutes cited above. The defendants have moved to dismiss the action for lack of subject matter jurisdiction or, in the alternative, for failure to state a claim upon which relief can be granted, both pursuant to Rule 12(b), Federal Rules of Civil Procedure. For the reasons set forth below, the action must be dismissed for failure to state a claim on which relief can be granted.

From the complaint, it appears that on March 20, 1974, an administrative subpoena duces tecum was issued by defendant Moore, an agent of the Wisconsin Department of Revenue, directing the plaintiff to appear before defendant Metz, also an agent of the Wisconsin Department of Revenue, on April 2, 1974, to give evidence concerning plaintiff's Wisconsin income tax returns for 1968–1972. The subpoena required the production of "all books and records which are necessary in the computation of your correct income for the years 1968, 1969, 1970, 1971 and 1972 including by way of illustration and not of limitation receipts, invoices, cancelled checks, check registers, bank statements, jour-

---

1. Plaintiff here is appearing pro se. In considering the motion to dismiss brought by the defendants, the Court recognizes that pro se complaints are to be held to " * * * less stringent standards than formal pleadings drafted by lawyers * * *." *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed.2d 652, 654, rehearing denied, 405 U.S. 948, 92 S.Ct. 963, 30 L.Ed.2d 819 (1972).

nals and ledgers." A similar subpoena was apparently issued to defendant Fuhs, vice president and cashier, and defendant Barker, president of the American Bank of Oshkosh, Wisconsin, which has also been named a defendant. The bank officers complied with the subpoena, allegedly acting upon the legal counsel of defendant Dempsey. This action followed, the plaintiff charging that such activities of the Wisconsin Department of Revenue constituted an unlawful seizure of his property in violation of his Fifth, Seventh, Ninth, Tenth, and Fourteen Amendment rights. Each defendant's wife was also named in the complaint as an "assessory" (sic).

## I.

Defendants' first ground for dismissal is that, on the alleged facts, this court lacks subject matter jurisdiction. The general rule is that if the complaint states a case arising under the Constitution or federal law, proper federal subject matter jurisdiction exists even though on the merits the plaintiff may have no cognizable federal claim. *Bell v. Hood*, 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939 (1946). However, "a suit may sometimes be dismissed for want of jurisdiction where the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous." *Id.*, at 682–683, 66 S.Ct. at 776, 90 L.Ed. at 943. It is defendants' position that the complaint in this action falls within these exceptions.

It cannot be said that the alleged violations of plaintiff's constitutional rights are immaterial. Sections 1343(3) and 1983 plainly grant original jurisdiction to federal district courts to redress the deprivation, under the color of state law, of constitutional rights. This is precisely what plaintiff claims. Far from being immaterial, these alleged violations form "the sole basis of the relief sought," *Bell v. Hood*, supra, at 683, 66 S.Ct. at 776, 90 L.Ed. at 943, and are therefore quite material.

Whether plaintiff's claim can be said to be "insubstantial" depends on whether it is "'obviously without merit'" or whether "'its unsoundness so clearly results from the previous decisions of [the Supreme Court] as to foreclose the subject and leave no room for the inference that the question sought to be raised can be the subject of controversy." *Ex parte Poresky*, 290 U.S. 30, 31–32, 54 S.Ct. 3, 4, 78 L.Ed. 152, 153 (1933). See also *Oneida Indian Nation v. County of Oneida*, 414 U.S. 661, 666–667, 94 S.Ct. 772, 776, 39 L.Ed.2d 73, 78 (1974). On more than one occasion the Supreme Court has questioned the wisdom of the insubstantiality doctrine as a statement of jurisdictional principles. See *Bell v. Hood*, supra, 327 U.S. at 683, 66 S.Ct. at 776, 90 L.Ed. at 943; *Rosado v. Wyman*, 397 U.S. 397, 404, 90 S.Ct. 1207, 1213, 25 L.Ed.2d 442, 451 (1970). Therefore, only where the record admits of no other conclusion should this court dismiss for want of subject matter jurisdiction. This is not the case in the present action where plaintiff alleges two state officers, agents of the Wisconsin Department of Revenue, issued and executed an administrative subpoena, thereby obtaining plaintiff's personal banking records from his bank. On these facts, plaintiff's claim is not so patently unsound as to require dismissal for want of jurisdiction. I find that this court has subject matter jurisdiction over plaintiff's constitutional claims. Cf. *Bell v. Hood*, supra, 327 U.S. at 683, 66 S.Ct. at 776, 90 L.Ed. at 943.

## II.

The defendants have also moved to dismiss the action for plaintiff's failure to state a claim upon which relief can be granted. In order for defendants to prevail it must appear "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2

L.Ed.2d 80, 84 (1957). See also *Escalera v. New York City Housing Authority*, 425 F.2d 853 (2d Cir. 1970), cert. denied, 400 U.S. 853, 91 S.Ct. 54, 27 L.Ed.2d 91 (1970). To state a claim for relief under 42 U.S.C. § 1983, there must be actions under color of state law which deprived plaintiff of his constitutional rights.[2] Defendants Moore and Metz, both agents of the Wisconsin Department of Revenue acting in their official capacity, most certainly were acting under color of state law. Whether the other defendants, private individuals who complied with the administrative subpoena, can be said to have acted sufficiently in concert with the revenue agent to be with the statute is more problematic. The question, however, need not be decided, since even assuming all defendants were acting under color of state law, plaintiff has not been deprived of any constitutional right.

■ All of plaintiff's constitutional claims are grounded on his assertion of a proprietary interest in the bank records which were the subject of the administrative subpoena.[3] It is, however, well settled that no Fourth Amendment right is infringed where a similar federal Internal Revenue Service summons concerning records of a taxpayer's transactions is directed to a third party bank. *First National Bank v. United States*, 267 U.S. 576, 45 S.Ct. 231, 69 L.Ed. 796 (1925), affirming, 295 F. 142, 143 (S.D. Ala.1924). See also *United States v. First National Bank*, 274 F.Supp. 283 (E.D.Ky.1967), affirmed *sub nom., Justice v. United States*, 390 U.S. 199, 88 S.Ct. 901, 19 L.Ed.2d 1038 (1968); *United*

*States v. Shlom*, 420 F.2d 263 (2d Cir. 1969), cert. denied, 397 U.S. 1074, 90 S.Ct. 1521, 25 L.Ed.2d 809 (1970); *United States v. Donaldson*, 400 U.S. 517, 91 S.Ct. 534, 27 L.Ed.2d 580 (1971).

In *Donaldson*, the Internal Revenue Service served summonses[4] on the taxpayer's former employer and the employer's accountant requesting the production of all documents relating to the taxpayer's employment and salary for the relevant years. In proceedings brought by the Government to enforce these summonses, the taxpayer moved to intervene, alleging that the investigation was being done not to determine the proper income tax liability but to obtain evidence for a criminal prosecution. In denying the motion, the Supreme Court found the taxpayer lacked a "significantly protectable interest" in the records summoned by the Government, *id.* at 531, 91 S.Ct. at 542, 27 L.Ed.2d at 589, since the records were not the property of the taxpayer or in the hands of parties with whom the taxpayer enjoyed a privileged relationship. The fact that the third-party records presumably contained information relevant to the taxpayer's income tax liability were insufficient to trigger the rights of the taxpayer. See *id.* at 537, 91 S.Ct. at 545, 27 L.Ed.2d at 592 (Douglas J., concurring).

Similarly, no Fifth Amendment right of the plaintiff here could have been violated. In *Couch v. United States*, 409 U.S. 322, 93 S.Ct. 611, 34 L.Ed.2d 548 (1973), the taxpayer, who had given *her* business records to an accountant to prepare her income tax returns, sought to assert her Fifth Amendment right

---

**2.** Section 1983, 42 U.S.C., provides: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

**3.** Plaintiff has made conclusory allegations against defendants Moore and Metz that they

exceeded their lawful authority in issuing and enforcing the subpoena which gave rise to this action. This is certainly not the case. Wis. Stats. §§ 71.11(20)(b), 73.03(9), and 73.03(20) expressly authorize the actions by the Wisconsin revenue agents in the present case.

**4.** The summonses in *Donaldson* were issued pursuant to 26 U.S.C. § 7602, a section quite similar to the Wisconsin statute here at issue, which authorizes federal Internal Revenue Service examinations of records and witnesses for the purpose of determining tax liability.

against self-incrimination to bar enforcement of a summons directed by the Internal Revenue Service to the accountant. There was no question that although the records were in the accountant's possession, the taxpayer retained title in them. The Court pointed out that "the Fifth Amendment privilege is a *personal* privilege: it adheres basically to the person, not to information that may incriminate him." *Id.* at 328, 93 S.Ct. at 616, 34 L.Ed.2d at 554. Thus, since only the accountant and not the taxpayer was required to respond to the summons, the component of compulsion against the accused was lacking, and the Court held the Fifth Amendment privilege unavailable.

■ The decisions in *Couch* and *Donaldson* dictate the result here. In *Couch*, the Court relied heavily on the fact that the accountant was an independent contractor retained by the taxpayer, rather than an employee, and that the accountant had regular, not temporary, possession of the records for a substantial period of time. *Couch v. United States*, supra, 409 U.S. at 334–335, 93 S.Ct. at 619, 34 L.Ed.2d at 557. In *Donaldson*, the Court rested on the fact that the records there in question were the property of the third party and not the taxpayer. *Donaldson v. United States*, supra, 400 U.S. at 530–531, 91 S.Ct. at 542, 27 L.Ed.2d at 589. Nothing in the record of the case at bar indicates that the items subpoenaed were *plaintiff's* property. Nor is there any reason to conclude that the defendants were mere employees of the plaintiff, or that the records produced for the Wisconsin Department of Revenue were other than the ordinary records kept by a bank in the normal course of its business. "There is no right to be free from incrimination by the records or testimony of others."

*Donaldson v. United States*, supra, at 537, 91 S.Ct. at 545, 27 L.Ed.2d at 592 (Douglas, Jr., concurring). Plaintiff did not own or possess these records, nor was plaintiff personally forced to produce incriminating documents. Thus no constitutional right of the plaintiff was violated when the defendants complied with the subpoena,[5] and his claim under 42 U.S.C. § 1983 must be dismissed. Cf. *California Bankers Association v. Schultz*, 416 U.S. 21, 55, 94 S.Ct. 1494, 1514, 39 L.Ed.2d 812, 836 (1974); *United States v. Bremicker*, 365 F.Supp. 701 (D.Minn.1973).

■ Plaintiff's claim that defendants conspired to interfere with plaintiff's civil rights must also be dismissed. The general rule for stating a good cause of action under 42 U.S.C. § 1985(3) is the allegation of an "invidiously discriminatory motivation" on the part of the alleged conspirators. *Griffin v. Breckenridge*, 403 U.S. 88, 102, 91 S.Ct. 1790, 1798, 29 L.Ed.2d 338, 348 (1971); *Action v. Gannon*, 450 F.2d 1227 (8th Cir. 1971). The complaint sets out no concrete acts in furtherance of the alleged conspiracy. Such conclusory allegations are insufficient to state a claim for relief under § 1985(3). *Blackburn v. Fisk University*, 443 F.2d 121 (6th Cir. 1971); *Hoffman v. Halden*, 268 F.2d 280 (9th Cir. 1959). Similarly, plaintiff's allegation that defendants violated 42 U.S.C. § 1986 by neglecting to prevent a conspiracy must also be dismissed. *Dowsey v. Wilkins*, 467 F.2d 1022 (5th Cir. 1972); *Blackburn v. Fisk University*, supra.

IT IS THEREFORE ORDERED that the complaint must be and hereby is dismissed for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure. All parties will bear their own costs in this action.

---

**5.** There is some indication in the record that defendants would dispute plaintiff's accusation of compliance, but for the purpose of deciding this motion, it has been assumed, as it must, that defendants did turn over the requested documents to state revenue agents.