Chris JACOBSEN, Appellant,

v.

CITIZENS STATE BANK, Appellee.

No. 19927.

Court of Civil Appeals of Texas, Dallas.

Aug. 10, 1979.

Rehearing Denied Sept. 17, 1979.

Willard A. Herbert, Dallas, for appellant.

John R. Stooksberry, Boyd, Veigel & Gay, Inc., McKinney, for appellee.

Before AKIN, ROBERTSON and CARVER, JJ.

CARVER, Justice.

This is an appeal from a summary judgment denying appellant Jacobsen any relief against Citizens State Bank, for an alleged invasion of privacy. We hold that a bank's exhibition to an Internal Revenue agent of the transactions of a customer of the bank in response to a summons authorized by an act of Congress is not an invasion of privacy. Consequently, we affirm the judgment.

Jacobsen alleged in his petition and stated in his affidavit filed in opposition to the motion for summary judgment that he opened an account with the bank in 1975. At that time, he asserts he gave both oral and written instructions to the bank that his account was to be kept confidential between himself and the bank; additionally, handwritten instructions were given on the signature card which read "Transaction strictly confidential—available only to me." In 1976, Jacobsen was notified that the Internal Revenue Service had issued a summons to the bank requiring the bank to appear before an agent named in the summons and to produce certain records pertaining to Jacobsen's bank account and relating to his potential tax liability. Jacobsen asked the bank to withhold the information unless required by a court order to comply. Disregarding this request, the bank complied with the summons and exhibited the records to the Internal Revenue Service.

Summary judgment was granted on the bank's motion asserting that it had merely complied with a valid summons from the Internal Revenue Service as it was required to do by I.R.C. § 7602. Jacobsen appealed, contending that by turning over the records without a court order, the bank breached its contract with him and also violated its fiduciary and statutory duties of confidentiality thus invading his privacy.

We conclude that the depositor's right of privacy is subordinate to the bank's duty to comply with federal internal revenue laws. The right of the government to use the summons involved here and the citizens' duty to respond is well established by statutory and case authority. The United-

ed States Internal Revenue Code, I.R.C. § 7602 provides, in pertinent part:

For the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax or the liability at law or in equity of any transferee or fiduciary of any person in respect of any internal revenue tax, or collecting any such liability, the Secretary or his delegate is authorized—

(1) To examine any books, papers, records, or other data which may be relevant or material to such inquiry;

(2) To summon the person liable for tax or required to perform the act, or any officer or employee of such person, or any person having possession, custody, or care of books of account containing entries relating to the business of the person liable for tax or required to perform the act, or any other person the Secretary or his delegate may deem proper, to appear before the Secretary or his delegate at a time and place named in the summons and to produce such books, papers, records, or other data, and to give such testimony, under oath, as may be relevant or material to such inquiry; and

(3) To take such testimony of the person concerned, under oath, as may be relevant or material to such inquiry.

Under this section there is no legally recognized privilege entitling the bank to withhold such records on behalf of its depositor. *United States v. Bremicker,* 365 F.Supp. 701 (D.Minn.1973). A depositor's threat to sue the bank on the loss of confidentiality, otherwise to be given the customer, is not a legal excuse for disobeying the summons. *Ibid.* The bank must cooperate with the summons even in the absence of a court order, *Ibid.* Cooperating with a summons does not breach any fiduciary duty the bank owes the customer. *Calvin v. Alexander,* 36 T.C. 75–5946 (1975). Obedience to the summons by the bank does not violate the customer's right to privacy. *United States v. Raabe,* 431 F.Supp. 424 (D.S.D.1977). We conclude that the acts of the bank in obedi-

ence to the summons gave rise to no cause of action in favor of Jacobsen.

Jacobsen's contention of an "invasion of privacy" is based on *Billings v. Atkinson,* 489 S.W.2d 858 (Tex.1973). In *Billings,* a tap on a home telephone used by Billings and his wife, occasioned our Supreme Court to announce: "Measured by these considerations, we follow the rule that an unwarranted invasion of the right of privacy constitutes a legal injury for which a remedy will be granted." 489 S.W.2d at 860.

In support of this contention, Jacobsen urges also that the bank has violated Tex.Rev.Civ.Stat.Ann. art. 342–705 (Vernon 1943), providing in pertinent part:

> . . . neither shall any bank be required to disclose the amount deposited by any depositor to third parties except where (i) the depositor or owner of such deposit is a proper or necessary party to a proceeding in a court of competent jurisdiction in which event the records pertaining to the deposit of such depositor or owner shall be subject to disclosure or (ii) the bank itself is a proper or necessary party to a proceeding in a court of competent jurisdiction or (iii) in response to a subpoena issued by a legislative investigating committee of the Legislature of Texas, or (iv) in response to a request for examination of its records by the Attorney General of Texas pursuant to Article 1302–5.01 et seq. of the Texas Miscellaneous Corporation Laws Act.

This statute has been recognized as: "a reasonable restriction enacted by our Legislature for the protection of our banking institutions and their depositors from disclosing confidential information to third parties except under reasonable and well-defined circumstances." *Wilson v. City of Port Lavaca,* 407 S.W.2d 325 (Tex.Civ.App.—Corpus Christi 1966, writ ref'd n. r. e.). We need not determine whether the bank was "unwarranted" in responding to the summons under *Billings* or "unreasonable" under the Texas statute construed in *Wilson* as this question has been preempted by the federal statute and the court rulings pursuant thereto under the supremacy clause of the Constitution of the United States Art. VI, clause 2. The supremacy clause applies to internal revenue laws as well as other federal statutes. In *United States v. Dallas National Bank,* 152 F.2d 582 (5th Cir. 1945), the court specifically held: "[Internal revenue statutes] Having been enacted within the scope of power delegated to the Federal Government, . . . are a part of the supreme law of the land. If they are in conflict with State law, constitutional or statutory, the latter must yield." 152 F.2d at 585. Accordingly, we hold that neither the Texas statute nor the Texas decisions can impose a cause of action upon the bank in favor of Jacobsen for the bank's obedience to the summons authorized by an act of Congress.

Affirmed.